Filed 6/27/14  Watkins v. Anderson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GLORIA WATKINS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TINA ANDERSON et al.,<br><br>        Defendants and Respondents. | A139322<br><br>(Solano County<br>Super. Ct. No. FCS040633) |

BY THE COURT[*]:

Appellant Gloria Watkins filed a civil complaint against respondents Tina Anderson, Ella Broxton Henderson and Jennie E. Edney for alleged acts of assault, battery, intimidation, threats and coercion during the course of an ongoing labor dispute. The trial court granted respondents' special motion to strike the complaint under Code of Civil Procedure section 425.16, the so-called anti-SLAPP statute, and issued a separate order awarding respondents $37,857.97 in attorney fees and costs as prevailing parties on the motion.  Appellant separately appealed the order granting the anti-SLAPP motion (case No. A138399).  In the instant appeal (A139322), she challenges the order awarding attorney fees and costs to respondents.

_____

[*] Before Simons, Acting P.J., Needham, J. and Bruiniers, J.

1

On April 3, 2014, this court filed an opinion reversing the order granting the anti-SLAPP motion. (*Watkins v. Anderson* (Apr. 3, 2014, A138399) [nonpub. opn.].) The remittitur issued on June 6, 2014, and that decision is now final.

As noted in our opinion in case No. A138399 and in the appellant's opening brief filed in the instant appeal (A139322) on January 24, 2014, our reversal of the order granting the anti-SLAPP motion necessitates a reversal of the order awarding respondents attorney fees and costs as prevailing parties on the motion. (*Santa Monica Rent Control Bd. v. Pearl Street, LLC* (2003) 109 Cal.App.4th 1308, 1320 (*Santa Monica*).) Respondents have not filed a brief or otherwise argued to the contrary. The parties have submitted a "Stipulation and [Proposed] Order Re: Expedited Resolution of Appeal" in which they stipulate the following: (1) The trial court's order awarding attorney fees and costs to respondents is reversed; (2) appellant shall be awarded ordinary costs on appeal; and (3) the remittitur shall issue immediately or as soon as practicable. The stipulation implicitly and necessarily includes a waiver of the right to oral argument. (Cal. Rules of Ct., rule 8.256(d).)

In the interests of justice and to avoid delay in the proceedings below, we grant the parties' request to expedite the appeal, and reverse the order awarding attorney fees and costs to respondents. (*Santa Monica*, *supra*, 109 Cal.App.4th at p. 1320.)

### DISPOSITION

The trial court's order awarding respondents $37,857.97 in attorney fees and costs (signed by the court on May 14, 2013, and filed on May 17, 2013) is reversed. Appellant is awarded her ordinary costs on appeal. Based on the parties' stipulation, the remittitur in this case shall issue forthwith. (Cal. Rules of Ct., rule 8.272(c)(1).)


Dated: _____          _____ Acting P.J.


2